761 F.2d 140
 LORETTO WINERY LTD. and RMR Wine Distributors Corp.,
Plaintiffs-Appellees,
v.
Thomas DUFFY, Chairman, Hugh E. Marius, Robert Doyle,
Terrence Flynn and Frederick T. Pannozo, as Commissioners of
the State Liquor Authority, Division of Alcoholic Beverage
Control, State of New York, Defendants-Appellants,
The New York State Wine Grape Growers, Inc. and New York
State Food Merchants Assoc., Inc.,
Defendants-Intervenors-Appellants.
 Nos. 1237-1239, Dockets 85-7197, 85-7205 and 85-7207.
 United States Court of Appeals,
Second Circuit.
 Argued May 2, 1985.
Decided May 10, 1985.
 
 Christopher K. Hall, Asst. Atty. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen., Robert Hermann, Sol. Gen., O. Peter Sherwood, Deputy Sol. Gen., Albany, N.Y., on brief), for defendants-appellants.
 Martin P. Mehler, New York City (Mehler and Buscemi, New York City), for plaintiff-appellee.
 Samuel Bernstein, New York City, for defendants-intervenors-appellants.
 James K. Leader, New York City (Townley & Updike, New York City, David B. Wechsler, New York City, of counsel, Kent S. Scheidegger, Sacramento, Cal., Gen. Counsel, California Cooler, Inc., on brief), for amicus curiae California Cooler, Inc.
 Before KAUFMAN and VAN GRAAFEILAND, Circuit Judges, and POLLACK*, District Judge.
 PER CURIAM:
 
 
 1
 Loretto Winery Ltd., a California corporation in the business of manufacturing and selling wine products in interstate commerce, brought this action in the district court seeking to have declared unconstitutional those amendments to the New York Alcoholic Beverage Control Law commonly known as the "Wine Products Provisions," see N.Y.Alco.Bev.Cont.Law Secs. 3(36-a), 79-a (Consol.1984 Supp.). In substance, these amendments provide for the sale of a newly defined "wine product" in grocery stores, a practice not previously permitted in New York State. "Wine product," in turn, is defined as a low-alcohol beverage containing "wine produced exclusively from grapes grown in New York State."
 
 
 2
 In a comprehensive and thoughtful opinion, see 601 F.Supp. 850, Judge Brieant held that New York's Wine Products Provisions were clearly violative of the commerce clause of the U.S. Constitution, and that they were not saved by Section 2 of the twenty-first amendment. In framing an injunction, he ordered the state, within 60 days, to elect either "(1) to license and authorize sale of the wine product referred to in the statute without regard to the location where the grapes used therein were grown, or alternatively (2) revoke all licenses issued to grocery stores ... and forbid the further retail sale of the wine product for use off premises except in licensed package stores." If, within the allotted time, the state did not make an election, it would be deemed to have chosen option (1). Finally, the injunction was stayed pending appeal to this Court.
 
 
 3
 For substantially the reasons set forth in his opinion, we affirm Judge Brieant's holding that New York's Wine Product Provisions are unconstitutional. Such clearly protectionist measures are violative of the commerce clause and, in light of Bacchus Imports Ltd. v. Dias, --- U.S. ----, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984), cannot be saved by Section 2 of the twenty-first amendment.
 
 
 4
 Finding, as we do, that the New York provisions so clearly run afoul of the Constitution, we cannot allow their enforcement to continue for even sixty days. Accordingly, the order of the district court is modified to strike sections (b) and (c) of that decree. Upon the issuance of this Court's mandate, the New York Liquor Authority shall revoke all licenses issued to grocery stores under the statute here at issue, and forbid further retail sale of the wine product for use off premises except in licensed package stores. If the New York Legislature wishes to allow the sale in grocery stores of all wine products, without regard to the origin of the grapes used therein, it may, of course, enact a statute so providing.
 
 
 5
 SO ORDERED.
 
 
 
 *
 District Judge, Southern District of New York, sitting by designation